IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LATOYA MINES, as Personal Representative of the ESTATE OF TRUMAINE MITCHELL, JR.**[1] | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIV. ACT. NO. 2:24-cv-108-TFM-MU<br>) |
| **SELMA CITY BOARD OF EDUCATION,** *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Pending before the Court are *Defendant Pritchett's Motion to Dismiss Amended Complaint* (Doc. 28, filed 08/02/24) and *Defendant Selma City Board of Education's Motion to Dismiss* (Doc. 30, filed 08/06/24). Plaintiff filed her respective responses and Defendants filed their replies. Docs. 33, 34, 35, 36. For the reasons detailed below, Defendant Pritchett's motion to dismiss (Doc. 28) is **GRANTED in part** and **DENIED in part** while the remaining motion to dismiss (Doc. 30) is **DENIED**.

### I.   JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter occurred in this judicial district.

No party contests jurisdiction or venue, and the Court finds adequate support for both.

---

[1] Normally the Court would redact the name of a minor. *See* FED. R. CIV. P. 5.2(a)(3). Here, concealment of the minor's identity is not required because the minor is deceased, and the Complaint fully identifies him.

## II. BACKGROUND

### A. Factual Background

This case arises out of the death of Trumaine Mitchell, Jr. ("Mitchell"), a student at Selma High School who passed away at school on November 8, 2022. *See generally* Doc. 26. While transitioning from gym class to lunch time on November 8, 2022, Mitchell began to feel unwell and reported to the nurse's office for medical attention. *Id.* at 2. Plaintiff alleges that when Mitchell arrived at the nurse's office, he advised his need for medical attention was immediate and life threatening. *Id.* at 3. According to Plaintiff, the school principal, Defendant Stoney Pritchett ("Defendant Pritchett") instructed the nurse to dismiss Mitchell to lunch. *Id.* When Mitchell returned to the cafeteria, he put his head down on the table and was unresponsive. *Id.* Selma High School called 911 and the school nurse performed CPR on Mitchell until the Selma Police Department arrived. *Id.* The school nurse also administered Narcan to Mitchell but there was no change in his condition. *Id.* An ambulance took Mitchell to the emergency room where Mitchell was ultimately pronounced dead. *Id.* Mitchell sustained cardiovascular collapse, cardiovascular standstill, and congestion of his lungs as a result of a fentanyl overdose, specifically from combined drug toxicity of alprazolam, fentanyl, fluorofentanyl, and hydrocodone. *Id.* at 4. Selma police located fentanyl at the school. *Id.* Plaintiff alleges that Mitchell "ingested the colorless and odorless liquid fentanyl after he drank from a water bottle at school." *Id.*

### B. Procedural Background

On April 5, 2024, Plaintiff LaTonya Mines, as personal representative of the Estate of Trumaine Mitchell, Jr. ("Plaintiff"),[2] filed her original complaint with this Court. Doc. 1. The

---

[2] The Court notes that there were originally two Plaintiffs, Ms. Mines and Trumaine Mitchell, Sr., the decedent's father. However, after an earlier motion to dismiss was filed which alleged Trumaine Mitchell, Sr. did not have standing, Plaintiff filed an amended complaint which included only Ms. Mines as Plaintiff.

Selma City Board of Education ("Defendant BOE") filed an answer on May 13, 2024. *See* Doc. 12. Defendant Pritchett filed his motion to dismiss. *See* Doc. 19. In lieu of responding to the motion to dismiss filed by Defendant Pritchett, Plaintiff filed an Amended Complaint (Doc. 22). Because it was filed 22 days after the motion to dismiss, the Court construed it as a motion to amend and granted leave to amend. *See* Doc. 23. However, the Court did find that the proposed amended complaint had deficiencies and instructed Plaintiff to correct them. *Id.*

On July 23, 2024, Plaintiff filed the corrected Amended Complaint, which became the operative complaint. Doc. 26. Plaintiff's amended complaint asserts claims for violation of due process under 42 U.S.C. § 1983 (Count I), Municipal Liability/Ratification pursuant to 42 U.S.C. § 1983 (Count II), and wrongful death (Count III). Counts I and III are asserted against all Defendants. Count II is asserted only against the BOE.

On August 2, 2024, Defendant Pritchett filed his motion to dismiss. Doc. 28. On August 6, 2024, despite having previously filed an answer, Defendant BOE filed its own motion to dismiss under Fed. R. Civ. P. 12(b). Doc. 30. Plaintiff timely filed her responses and Defendants timely filed their respective replies. Docs. 33, 34, 35, 36. The motions are fully briefed and ripe for review, and the Court finds oral argument unnecessary.

### III.   STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556."). Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 555,) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence*, 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

## IV. DISCUSSION AND ANALYSIS

**A. Defendant BOE's Motion to Dismiss**

As the Court noted above, Defendant BOE previously filed an answer to Plaintiff's original complaint. Fed. R. Civ. P. 12(b) provides "[a] motion asserting any of these defenses must be made before a pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). It is only where "new matter" is pled giving rise to a Rule 12 defense that did not exist prior to amendment, that leave to file an amended complaint may "revive[] the defendant's right to interject a motion on those grounds." *See Overton v. Wyeth, Inc.*, Civ. Act. No. 10-0491-KD-C, 2011 WL 3143391, 2011 U.S. Dist. LEXIS 38290, *9-10 (S.D. Ala. Mar. 15, 2011), *Report and Recommendation adopted at* 2011 WL 1343391, 2011 U.S. Dist. LEXIS 38331 (S.D. Ala. Apr. 7, 2011); *see also Sears Petrol. & Transport Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003) ("[I]f the amended complaint . . . contains new matter, the defendant may bring a second motion under Rule 12[b] to object to the new allegations only."). "Conversely, if [a] defense previously existed but was not asserted timely, then the right to bring it by a motion to dismiss is not 'revived' by mere amendment." *In re Morrison*, 421 B.R. 381, 386 (Bankr. S.D. Tex. 2009) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure ("Wright & Miller") § 1391 (3d ed. 2004)); *see also Rowley v. McMillan*, 502 F.2d 1326, 1332-33 (4th Cir. 1974) ("[A]n amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended."); *Ross v. United States*, 574 F. Supp. 536, 539 (S.D.N.Y. 1983) (quoting *Rowley* and holding same); *Limbright v. Hofmeister*, Civ. Act. No. 5:09-cv-107-KSF, 2010 U.S. Dist. LEXIS 41604, 2010 WL 1740905, at *2 (E.D. Ky. Apr. 27, 2010) ("The filing of an amended complaint will not revive the right to present by motion defenses

that were available but were not asserted in timely fashion prior to the amendment of the pleading.") (quoting Wright & Miller, § 1388); *Lanehart v. Devine*, 102 F.R.D. 592, 594 (D. Md. 1984) ("[A]mendment of the complaint does not revive the right to interpose defenses or objections which might have been made to the original complaint.");

Upon comparison of the original complaint to the amended complaint, the Court concludes that Defendant BOE was already on notice especially as evidenced by the fact it filed an Answer as opposed to a Rule 12(b) motion to dismiss. Though the Court did identify some deficiencies in the first proposed amended complaint, the Amended Complaint ultimately filed is substantially similar though cleaned up in its claims against Defendant BOE. While Count II in the amended complaint may differ in title, in substance it is similar, and if anything is actually narrower than the broadly asserted allegations regarding respondeat superior and agency in the original complaint. Additionally, the original complaint still contained the § 1983 wrongful death and constitutional claims articulated in Counts I and III. While Defendant BOE's arguments may ultimately have some merit (as discussed in relation to Defendant Pritchett later in this opinion), all of the defenses raised in the motion to dismiss the amended complaint could have and should have been raised in a motion to dismiss the original complaint. Defendant BOE instead chose to file an answer. There may have been a tactical reason to do so at the time, but the Court will not allow it to backtrack now simply because Defendant Pritchett chose to file his original motion to dismiss and renewed it as it related to the amended complaint.

Thus, the Court finds that Defendant BOE's motion to dismiss is due to be denied as untimely. This ruling does not prohibit Defendant BOE from raising its arguments in a different motion (i.e. a more appropriate vehicle under the federal rules for its defenses since Rule 12(b) is no longer a possibility). However, the Court cannot allow parties to simply backtrack and file Rule 12(b) motions with regard to matters that it originally chose to answer.

### B. Motion to Dismiss filed by Defendant Pritchett

The remainder of this opinion will address only Defendant Pritchett's motion to dismiss since Defendant BOE's motion was denied for procedural, not substantive reasons.

In his motion to dismiss, Defendant Pritchett argues as follows:

- The Amended Complaint is an impermissible shotgun pleading;
- Count I is due to be dismissed pursuant to 12(b)(6) because it expired upon the death of Mitchell;
- Count III fails to state a claim for which relief can be granted;
- Counts I and III against Defendant Pritchett in his official capacity are duplicative, and are also barred by sovereign immunity;
- Defendant Pritchett is entitled to qualified immunity on Count I;
- Defendant Pritchett entitled to state-agent immunity on Count III; and
- Plaintiff can pursue a remedy before the State Board of Adjustment.

The Court addresses the arguments in turn below. The Court notes that these only apply to Counts I and III given that those are the only claims asserted against Defendant Pritchett.

### C. Shotgun Pleading

Defendant Pritchett argues that the Amended Complaint is an impermissible shotgun pleading in violation of Fed. R. Civ. P. 8, and therefore is due to be dismissed. Specifically, Defendant Pritchett states that "[n]othing in Count I or Count III allows the fact-finder to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Doc. 28 at 21-22 (internal citation omitted).

Fed. R. Civ. P. 8 provides a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Fed. R. Civ. P. 10

provides that the complaint must "state [the plaintiff's' claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, internal quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. Weiland, 792 F.3d at 1320. "Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (quoting *Vibe Macro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). Put another way, it is "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). There are four types of shotgun pleadings: (1) pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that

"commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.

Defendant Pritchett argues that Plaintiff's Amended Complaint is a shotgun pleading of the fourth variety. Doc. 28 at 21. He further asserts that Counts I and III are alleged generally against both Defendants, and that "[i]t is unclear how either Defendant allegedly caused or contributed to the respective violation." *Id.* Defendant also contends that "no reasonable inference can be drawn that Mr. Pritchett is liable under the *Amended Complaint*." *Id.* at 22.

At this stage, the Court takes Plaintiff's allegations as true. In the second Amended Complaint, Plaintiff clearly alleges that Mitchell sought medical attention, that his concerns were dismissed, and he was sent to lunch. *See* Doc. 26 at 3, 5, 6, 8. Plaintiff specifically states that "Defendant Pritchett instructed the nurse to dismiss [Mitchell] to lunch." *Id.* at 3. It was that dismissal that Plaintiff asserts ultimately resulted in Mitchell's death.

These allegations are sufficient to plausibly state a claim and to put Defendants on notice of the conduct that supports the claims. The Court has reviewed the second amended complaint in its entirety and finds that it is not a shotgun pleading. Thus, Defendant Pritchett's motion to dismiss due to be denied as to his shotgun pleading argument.

**D. Official Capacity Claims / Sovereign Immunity**

The Amended Complaint asserts Counts I and III against Defendant Pritchett in both his official and individual capacities. Defendant Pritchett argues that all claims asserted against him in his official capacity are due to be dismissed because they are duplicative. Doc. 28 at 9. Specifically, Defendant Pritchett notes that at all relevant times he was an employee of Defendant BOE, and that all claims directed at Defendant Pritchett in his official capacity are also directed at

Defendant BOE. *Id.*

Official capacity suits are suits against the state agencies—not suits against the individuals through whom agencies act. The Eleventh Circuit explained:

> The Supreme Court has said that official capacity suits represent "only another way of pleading an action against an entity of which an officer is an agent," and a victory against a named individual in an official capacity suit is "a victory against the entity that employs him." Thus, to impose official liability on a government entity amenable to suit, a plaintiff need do no more than name the government entity defendant; it is unnecessary also to name specific agents.

*Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993) (internal citations omitted).

Plaintiff concedes in her response that all Counts asserted against Defendant Pritchett in his official capacity are due to be dismissed. Doc. 33 at 10-11. Thus, the Court finds that Count I and III are due to be dismissed against Defendant Pritchett in his official capacity.[3]

### E. Count I Expired Upon Mitchell's Death

Next, as it relates to the individual capacity claims asserted against him, Defendant Pritchett argues that Count I expired upon Mitchell's death. Doc. 28 at 3. Specifically, Defendants argue that the proper way to bring Mitchell's § 1983 claim of constitutional violations is through a wrongful death claim, which is already embodied in Count III. *Id.* at 4. Plaintiff argues that "[t]he Alabama state survivorship statute should not apply[,]" that federal law preempts state law in this case, and that if the Alabama survivorship statute does apply the Court should disregard it under the absurdity doctrine. Doc. 33 at 4-6.

The Eleventh Circuit has very clearly stated that the Alabama survivorship statute is not inconsistent with federal law. The Eleventh Circuit has further noted:

---

[3] Defendant Pritchett also argues that he is entitled to sovereign immunity on Plaintiff's state law claim (Count III) asserted against him in his official capacity. As Plaintiff already conceded in her response that Count III was due to be dismissed against Defendant Pritchett in his official capacity, the Court need not address sovereign immunity any further.

> when a constitutional violation actually causes the injured party's death, a 1983 claim can be asserted through the Alabama wrongful death statute . . .. So, when a constitutional violation actually causes death, Alabama law provides compensation for the constitutional violation and imposes liability on the state official responsible for the death—a result consistent with the purposes of § 1983. Considering the relationship between the Alabama survivorship statute and the available remedies under Alabama law, we see no significant impairment of the compensatory and deterrent purposes of the federal civil rights laws.[6]

*Estate of Gilliam v. City of Prattville*, 639 F.3d 1041, 1047-48 (11th Cir. 2011).

As Defendant Pritchett notes, this is not to say that a § 1983 claim cannot be brought on behalf of Mitchell. *See* Doc. 28 at 3-4. Rather, it is to say that the appropriate mechanism for bringing the § 1983 claim is through the Alabama wrongful death statute, which Plaintiff does in Count III. Contrary to Plaintiff's argument, because § 1983 is silent on survivorship, federal law does not "supersede" the state law on survivorship. Further, the Court need not apply the absurdity doctrine because there is nothing "absurd" about this outcome especially in light of the binding Eleventh Circuit precedent that this Court must follow. Plaintiff can still bring the claim of constitutional violations, it is just brought through the Alabama wrongful death statute. Thus, Plaintiff's standalone § 1983 claim (Count I) is due to be dismissed as it pertains to Defendant Pritchett in his individual capacity.

**F. Failure to State a Claim as to Count III**

Defendant Pritchett also argues that Count III fails as a matter of law because it fails to plead any underlying tort or cause of action. Defendant is incorrect. The Amended Complaint clearly states the following in Count III: "As a direct and proximate result of Defendants' violations of T.M., Jr.'s constitutional rights as described above, decedent T.M., Jr., suffered mental anguish and emotional distress during the period before he was discovered unconscious until his death." Doc. 26 at 8. The underlying cause of action is clearly the alleged constitutional violation described throughout the entire complaint. Defendant also asserts that Plaintiff does not

allege that Plaintiff ever complained or communicated to Mr. Pritchett. However, at the pleading stage, Plaintiff does not have to plead with particularity as required under Fed. R. Civ. P. 9 in order to state a claim. Rather, at the pleading stage, the standard is relatively low. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Defendant Pritchett notes, "[t]he Amended Complaint alleged 'T.M., Jr. advised that the need for medical attention was immediate and life threatening,' yet never says to whom the statement was made." Doc. 28 at 6. However, for the purposes of pleading, the Court finds that it doesn't matter whether the statement was made to the nurse or to directly Defendant Pritchett himself. Rather, as noted in the response to the motion to dismiss, "[Mitchell] went to the nurse, who spoke to Defendant Pritchett who directly ordered [Mitchell] out of his office which resulted in [his] death." Doc. 33 at 14. Put simply, the allegations in the Amended Complaint clearly show that Mr. Pritchett knew Mitchell was at the nurse's office, that Mitchell was alleging extreme medical difficulties, and he told the nurse to dismiss Mitchell to lunch. Doc. 26 at 2-3. Plaintiff also notes that the nurse referenced "will come forth to substantiate Plaintiff's claims" and that there have been multiple drug overdoses at Selma High School including while Defendant Pritchett was in administration over the students. *Id*. at 16. Plaintiff has alleged that in dismissing Mitchell, Defendant Pritchett acted with deliberate indifference. *Id.* at 8. These are fairly detailed allegations that would require some evaluation of the evidence - which takes us beyond the pleading stage. *See, e.g., Estate of Hand v. Fla. Dep't of Corr.*, 2023 U.S. App. LEXIS 328, 2023 WL 119426 (11th Cir. Jan. 6, 2023) (stating same in the context of a prisoner case involving deliberate indifference – "Whether a prison official had the requisite knowledge of a substantial

risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence. . .").

It is not outside the realm of possibility to find dismissing a student who seeks help from the nurse to be deliberately indifferent if the dismisser does not even seek to know why the student is seeking help, especially if the order comes against the advice of the medical provider. It could be equally deliberately indifferent if the dismisser knew that "the need for medical attention was immediate and life threatening" yet choose to dismiss the student regardless. There are a host of ways that this claim could be further fleshed out through the discovery process. It is not for the Court to decide at this stage anything beyond whether the facts as pled are sufficient to go forward.

Put simply, Plaintiff has alleged enough at this early stage to trip over the bar established by Rule 8 to survive a motion to dismiss. Thus, Defendant Pritchett's motion to dismiss Count III for failure to state a claim is due to be denied.

**G. Immunity as to Count III**

Defendant Pritchett argues that he is entitled to either qualified immunity or state-agent immunity on Plaintiff's claims. However, only Count III, a state law wrongful death claim, against Defendant Pritchett in his individual capacity remains since Count I was earlier dismissed. Thus, the analysis is limited to state-agent immunity as it pertains to Count III against Defendant Pritchett. *See, e.g., Donald v. Norris*, --- F.4th ---, 2025 U.S. App. LEXIS 5968 *, (11th Cir. March 13, 2025) (discussing state agent immunity as to an Alabama wrongful death claim).

The Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. Under Alabama law, "[s]tate agent immunity protects state employees, as agents of the State, in the exercise of their judgment in executing their work responsibilities." *Ex parte Hayles*, 852 So. 2d 117, 122 (Ala. 2002). The Alabama Supreme Court has held:

> A state agent shall be immune from civil liability when the conduct made the basis of the claims against the agent is based upon the agent's
>
> . . .
>
> (2) exercising his or her judgment in . . . (d) hiring, firing, transferring, assigning, or supervising personnel; or
>
> . . .
>
> (5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

*Ex parte Cranman*, 792 So.2d 392, 405 (Ala. 2000) (emphasis in original). "Generally, state agents are afforded immunity from civil liability when the conduct made the basis of the claim is based on the exercise of judgment in supervising and educating students." *Ex parte Nall*, 879 So.2d 541, 544 (Ala. 2003). "Educating students includes not only classroom teaching, but also supervising and educating students in all aspects of the educational process." *Ex parte Trottman*, 965 So.2d 780, 783 (Ala. 2007); *see also Worthington v. Elmore Cty. Bd. of Educ.*, 160 F. App'x 877, 883 (11th Cir. 2005) ("Historically, the Alabama Supreme Court has held repeatedly that the supervision of students is an act involving discretion and judgment, and that persons engaged in such supervision are entitled to immunity.").

Immunity for school officials may be denied only upon Plaintiffs' proof that the officials acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law. *Ex parte Nall*, 879 So.2d at 546.

As this motion to dismiss stage, Plaintiff cannot be expected to have evidentiary proof that Defendant Pritchett acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law without the opportunity for discovery. Rather, he must simply allege sufficient facts to plead it. Plaintiff asserts that Mitchell felt unwell and went to the nurse's office for seeking medical attention and advised that his need for medical attention was immediate and life threatening. Doc. 26 at 2-3. Plaintiff alleges that, rather than take Mitchell seriously, Defendant Pritchett instructed the nurse to dismiss him back to lunch. *Id.* at 3. Mitchell

then returned to the cafeteria, put his head on the table, and was unresponsive for 20 minutes. *Id*. It was only then that the school called 911 and Narcan was administered. *Id*. Moreover, as plead, Defendants "dismissed T.M., Jr. and disparaged his distress" (Doc. 26 at 6). and "disregarded and discredited T.M., Jr.'s grievances and pleas for help." (*Id*. at 8). Finally, in the response to the motion to dismiss, Plaintiff also notes that the nurse "will come forth to substantiate Plaintiff's claims" when the nurse sought guidance from Defendant Pritchett who in turn actively told him to get out of his office. Doc. 33. at 16.

At this stage in these proceedings, the allegations are sufficient for pleading purposes to alleged that Defendant Pritchett may have acted willfully or maliciously in declining and denying Mitchell's request for medical attention. Given that the Court must accept the pleadings as true and make all reasonable inferences in Plaintiff's favor, the motion to dismiss based upon state agent immunity must be denied.

This is no way precludes an assertion review of state-agent immunity at the summary judgment stage which provides the parties the opportunity to obtain discovery and the Court may then consider evidence. Much like the Court's finding in the prior section on surviving a motion to dismiss for failure to state a claim, the Court makes no finding as to whether or not the claim will survive higher scrutiny once evidence may be presented and considered. Only that the pleading standard has been satisfied.

## H.  Alternate Remedy

Finally, Defendant Pritchett concludes his motion to dismiss by stating that Plaintiff still may pursue a remedy through the Alabama State Board of Adjustment. Doc. 28 at 22. However, nowhere in this section does Defendant Pritchett appear to argue that Plaintiff's Amended Complaint is due to be dismissed because of her ability to pursue an alternate remedy. *See id*. Thus, the Court sees no reason to address the statements made in this section.

## V. CONCLUSION

Accordingly, for the reasons stated above, Defendant BOE's motion to dismiss under Rule 12(b) (Doc. 30) is **DENIED** as procedurally waived. Defendant Pritchett's motion to dismiss (Doc. 28) is **GRANTED in part** and **DENIED in part**. The motion is granted as to Count I asserted against him in both his official and individual capacity, and as to Count III asserted against him in his official capacity. The motion is otherwise denied.

As a result, Count III remains pending against Defendant Pritchett in his individual capacity and all Counts remain pending against Defendant BOE.

**DONE** and **ORDERED** this 19th day of March, 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE